SARAH E. HANDLEY v. H. & T. C. R'Y Co.

(No. 815.)

RAILROAD.— Liability of a railroad, ordinarily, to passengers.

APPEAL from Dallas county. Opinion by DELANEY, J.

STATEMENT.— This suit was brought by appellant to recover damages of appellee for injuries received while on its train, said injuries having been caused by a defective road-bed.

The evidence shows that in May, 1876, plaintiff went upon defendant's cars at Austin, in company with a man named Hall, to go to Dallas. That Hall, in her presence and within her hearing, represented her as his wife; that she had no ticket; but that Hall had a free pass which had been issued to one Damon; that he passed himself on the conductor as Damon, and plaintiff as his wife; that no fare was paid for her on the portion of the road between Austin and McDade; that near McDade the car in which the plaintiff was riding was thrown from the track and several persons were injured, among whom was plaintiff. There is nothing in the record to show the cause of the wreck except a remark made by a passenger, which was heard by plaintiff, that the wreck was caused by a rotten tie.

The court charged that, if plaintiff aided Hall in his fraud and deception, and thus evaded payment of fare, she was as guilty as if she had done so herself.

Verdict and judgment for the railroad, from which appellant appeals.

OPINION.— Ordinarily, when a passenger buys his ticket and takes his seat on the cars, there is an implied agreement on the part of the railway company to carry him in safety to his journey's end. The consideration of this agreement being the price of the ticket, the company is bound to use such care as should secure the safety of the

passenger. But we take the verdict in this case as establishing the fact that the plaintiff was not entitled to all the rights of a passenger, properly so called. She was on the train with the intention to obtain a ride without paying the fare. She was a fraud upon the company. She was not, therefore, in a position to demand of the company's servants the same watchful care for her safety which they are bound to give regular passengers. The most she could claim would be, that they should abstain from intentional injury, or that they should not be guilty of that gross negligence which the law regards as equally reprehensible.

AFFIRMED.